**Name and Address**
Vance S. Elliott
71 Sixth Street #226
San Francisco, CA 94103-1608

**FILED**
JUL 14 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Vance S. Elliott
**Plaintiff / Petitioner**

vs. The San Francisco Rent Stabilization and Arbitration Board
**Defendant / Respondent**

C-06-4842-SBA
C-07-4446-SBA
Case No. ~~C08-23 5259A~~
C08-23 52SBA

Document Name: Case Management Statement ~~Violation of the 4th Amendment~~

#C

1
2  **Name and Address**
3
4
5         **UNITED STATES DISTRICT COURT**
6         **NORTHERN DISTRICT OF CALIFORNIA**
7
8                                              )        Case No. _____
9                                              )
10     **Plaintiff / Petitioner**              )        Document Name:
11     VS.                                     )
12                                             )        _____
13                                             )
14     **Defendant / Respondent**              )        _____
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE MANAGEMENT STATEMENT

1. It is difficult for this Counsel to ascertain what the basis for the court's subject matter jurisdiction is since, although in in the opening paragraph of Your Honor's Stand Order, several matters are mentioned over which the court has jurisdiction, but the actual basis for that jurisdiction is nowhere mentioned.

2. I assume that The Uniform Visitor Policy, which was amended July 11, 2008, was at that time, in its form as an Ordinance was the law governing the visitation rights of residents of SRO hotels in this city. The factual issue in dispute is simple: I dispute the right of the Board of Supervisors to regulate the private lives of citizens of the United States by creating a Tssk Force to write a Visitor Policy which then became an Ordinance enforced by the San Francisco Rent Stabilization and Arbitration Board. This arbitrary action on the part of thes agencies of the government of this city, clearly violates the 14th Amendment, Section 1, of which states in part that "No State shall make any law abridging the liberty and freedom of citizens of the United States".

3. The Legal issue is this: It is a criminal act to violate any law of the United States and the Constitution of the United States is such a law. There is therefore no need to refer to specific statutes and decisions.

4. I intend, if the defendents are found guilty after being duly tried by a jury of their peers, that they immediately be remanded to jail. to make a motion

5. I propose thar Your Honor set the deadline for amending the pleadings.

6. I am sorry to say that given my economic circumstances, I am unable to prevent the destruction by the defendents of incriminating materials.

7. I have not met the disclosure requirement of Fed R Civ. P. 26 because I have nothing to disclose beyond my intent to ask Mr. Herrera proscute this case to the full extent of the law if he is willing.

8. I have no discovery plan for reasons stated above.

9. This is a class action since all SRO residents in this city have been injured by the actions of members of the government of this city in the manner I have stated in paragraphs 2 and 3. above.

10. To my knowledging there are no other related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. I seek an Order from Your Honor declaring the Uniform Visitor policy to a~~s~~ null and void and to award damages in the amount of $10,000 to each resident of each SRO hotel in this city. The sum of $10,00 is an arbitray amount arrived at by my personal calculation. This amount is sought as damage to SRO residents, because each resident's lives have been hurt by this arbitrary action taken as I believe, with malice aforethought, by each individual member of the Rent Board who, by vote, ordered to Uniform Visitor Policy posted and enforced in each SRO Hotel in this city, if liability is established.

12. As Counsel Pro se, I intend to meet and confer with the defendents on or before July 23, 2008 and discuss with them any proposal for early settlemt they may submit, the ADR process selection and any discovery plan they may propose. I should say at this point that I do not ~~have~~ to settle and therefore I have no ADR plan to submit.

13. I do consent to have Magistrate Judge Edward M. Chen conduct all proceedings including trial and entry of judgement.

14. I do not believe this case is suitable for reference to binding arbiyration, a special master or the Judical Panel on Multidistrict Litigation.

15. The issue, arbitrary and willful violation of the 14th Amendment to the Constitution by members of the Rent Board, invividually or in concert, cannot be narroed by agreement or in any other way.

16. I believe that this case cannot be handeled in any way except by jury trial.

17. I propse July 22, 2008 for the defense to discover to me its experts and so on, and, further, August 2, 2008 for the hearing of dispositive motions and the pretrial conference. I understand that it it is not for me but for Your Honor to set the date for trial.

18. I expect this case to be tried to a jury and, since the issue is clear-cut, that the trial will last no more than 5 days.

19. I will subnit the Certification of Interested Entities or Persons under separate cover.

20. I know of no other matters that will facilitate the just, speedy and inexpensive disposition of this matter

*Vance S. Elliott*
Vance S. Elliott
Counsel Pro se