1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  WAYNE SNODGRASS, State Bar #148137
   SHERRI SOKELAND KAISER, State Bar #197986
3  Deputy City Attorneys
   City Hall, Room 234
4  1 Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
5  Telephone:     (415) 554-4691
   Facsimile:     (415) 554-4747
6  E-Mail:        sherri.sokeland.kaiser@sfgov.org

7  Attorneys for Defendant
   THE SAN FRANCISCO RENT AND ARBITRATION BOARD
8

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12 | VANCE S. ELLIOTT,                | Case No. CV 08-2352 SBA |
|---|---|
13 | Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |
14 | vs. | |
15 | THE SAN FRANCISCO RENT AND ARBITRATION BOARD, | Hearing Date:   September 16, 2008<br>Time:           1:00 p.m.<br>Place:          Courtroom 3 |
16 | Defendant. | |

        In support of its Motion to Dismiss for Lack of Standing, defendant City and County of San

Francisco hereby requests that this Court take judicial notice of the following materials, attached

hereto as Exhibits A - C, pursuant to Federal Rule of Evidence 201:

    A. City and County of San Francisco Administrative Code Chapter 41D, the "Residential

       Hotel Visitor Policy Ordinance," and

    B. City and County of San Francisco "Uniform Hotel Visitor Policy," as amended July 11,

       2006.

    C. City and County of San Francisco Police Code Section 919.1

1  Municipal ordinances are proper subjects for judicial notice. See *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 (9th Cir. 2007); *Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 n.2 (9th Cir.2006). Chapter 41D of the San Francisco Administrative Code is a municipal ordinance, and the San Francisco Uniform Hotel Visitor Policy is promulgated under the direct authority of §41D.3(b) of the Administrative Code. Both documents are also "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Dated: August 4, 2008

                    DENNIS J. HERRERA
                    City Attorney
                    WAYNE SNODGRASS
                    SHERRI SOKELAND KAISER
                    Deputy City Attorneys

By: _____/s/_____.
      SHERRI SOKELAND KAISER

Attorneys for Defendant
THE SAN FRANCISCO RENT AND ARBITRATION BOARD

**PROOF OF SERVICE**

I, DIANA QUAN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, #1 Dr. Carlton B. Goodlett Place – City Hall, Room 234, San Francisco, CA 94102.

On August 4, 2008, I served the following document:

- **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

on the following persons at the locations specified:

**Vance S. Elliott**
**The Baldwin House**
**74 Sixth Street, #227**
**San Francisco, CA 94103-1668**

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed August 4, 2008, at San Francisco, California.

/s/
DIANA QUAN

**EXHIBIT A**

# CITY AND COUNTY OF
# SAN FRANCISCO MUNICIPAL CODE
# ADMINISTRATIVE CODE

**Codified through**
**Ordinance No. 159-07, File Number 070411, approved July 3, 2007.**
**(Supplement No. 9)**

**Preliminaries**

CITY AND COUNTY OF
SAN FRANCISCO
MUNICIPAL CODE

ADMINISTRATIVE CODE

VOLUME I

**GRAPHIC LINK:Click here**

Published by Municipal Code Corporation

Tallahassee, Florida 2006

CITY AND COUNTY OF SAN FRANCISCO

MUNICIPAL CODE

Charter
Administrative Code
Building and Related Technical Codes
Business and Tax Regulations Code
Campaign and Governmental Conduct Code
Environment Code
Fire Code
Health Code
Municipal Elections Code
Park Code
Planning Code
Police Code
Port Code
Public Works Code

Subdivision Code

Traffic Code

Zoning Maps

**PREFACE TO THE**

**ADMINISTRATIVE CODE**

The San Francisco Municipal Code contains ordinances enacted through Ordinance 159-07, File Number 070411, Approved July 3, 2007. A legislative history, containing ordinance number and approval date, is located at the conclusion of most sections. The legislative histories of ordinances approved after March 1999 also contain Board of Supervisors file numbers.

# CHAPTER 41D: RESIDENTIAL HOTEL VISITOR POLICIES

Sec. 41D.1. Title.
Sec. 41D.2. Purpose.
Sec. 41D.3. Authority of the Single Room Occupancy Hotel Safety and Stabilization Task Force, Approval of the Initial Uniform Visitor Policy for Residential Hotels, and Subsequent Authority of the Residential Rent Arbitration and Stabilization Board.
Sec. 41D.4. Required Goals for the Uniform Visitor Policy and Any Supplemental Visitor Policies.
Sec. 41D.5. Hotel Operator Petitions for Supplemental Visitor Policies.
Sec. 41D.6. Review and Amendment of the Uniform Visitor Policy, and Amendment of Criteria and Procedures for Approving Supplemental Visitor Policies.
Sec. 41D.7. Hotel Occupant Petitions for Violation of this Chapter.
Sec. 41D.8. Limitation of Liability.
Sec. 41D.9. Severability.

## SEC. 41D.1. TITLE.

This Chapter shall be known as the Residential Hotel Visitor Policy Ordinance. For purposes of this Chapter, "Residential Hotel" shall have the same meaning as that set forth in Administrative Code Section 41.4(p), except that housing sites operated by non-profit organizations for the purpose of providing housing and supportive services to victims and survivors of domestic violence, as confirmed by the Department on the Status of Women or its successor (s), shall be exempt from the requirements of this Chapter.

(Added by Ord. 135-01, File No. 010526, App. 7/6/2001; amended by Ord. 62-02, File No. 020343, App. 5/3/2002; Ord. 7-07, File No. 061538, App. 1/18/2007)

## SEC. 41D.2. PURPOSE.

The purpose of this ordinance is to establish a mechanism for the review and approval of Visitor Policies for the City's Residential Hotels. Such policies shall be designed to protect the safety, welfare and dignity of guests and occupants of Residential Hotels in the City. Pursuant to Police Code Section 919.1, operators, employees or agents of Residential Hotels may not impose or collect a fee for any person to visit a guest or occupant of the hotel, nor restrict visitors to guests or occupants of these hotels except in accordance with an approved Visitor Policy, as set forth in this Chapter.

(Added by Ord. 135-01, File No. 010526, App. 7/6/2001)

## SEC. 41D.3. AUTHORITY OF THE SINGLE ROOM OCCUPANCY HOTEL SAFETY AND STABILIZATION TASK FORCE, APPROVAL OF THE INITIAL UNIFORM VISITOR POLICY FOR RESIDENTIAL HOTELS, AND SUBSEQUENT AUTHORITY OF THE RESIDENTIAL RENT ARBITRATION AND STABILIZATION BOARD.

(a) The Single Room Occupancy Hotel Safety and Stabilization Task Force ("SRO Task Force") was created by Board of Supervisors Resolution No. 868-99. In addition to the duties and obligations imposed by that resolution, the Task Force was authorized by Ordinance No. 135-01 to carry out the requirements of this Chapter for initial approval of a Uniform Visitor Policy for Residential Hotels (Uniform Visitor Policy). The Task Force fulfilled this responsibility on December 5, 2001, by adopting the initial "UniformVisitor Policy in SRO Hotels."

(b) Following SRO Task Force approval of the initial Uniform Visitor Policy, the Residential Rent Stabilization and Arbitration Board is authorized to review and amend the Uniform Visitor Policy from time to time, to establish criteria and procedures for approval of Supplemental Visitor Policies, and to hear and determine complaints of non-compliance with the provisions of this Chapter. No Visitor Policy may be implemented or enforced prior to its approval in accordance with this Chapter.

(Added by Ord. 135-01, File No. 010526, App. 7/6/2001; amended by Ord. 62-02, File No. 020343, App. 5/3/2002)

### SEC. 41D.4. REQUIRED GOALS FOR THE UNIFORM VISITOR POLICY AND ANY SUPPLEMENTAL VISITOR POLICIES.

(a) The Uniform Visitor Policy and any Supplemental Visitor Policies shall meet the following goals:

(1) To enhance the safety and welfare of guests and occupants of Residential Hotels;

(2) To ensure the dignity and personal freedom of guests and occupants of Residential Hotels and their visitors by eliminating unnecessary restrictions on the ability of guests and occupants of Residential Hotels to conduct their personal and social lives in the manner that they choose.

(3) To prevent harassment or other inappropriate interference by Residential Hotel operators, employees or agents with the personal and social lives of Residential Hotel guests and occupants and their visitors.

(4) To respect the privacy rights and right to quiet enjoyment of other Residential Hotel guests and occupants.

(5) To recognize the obligation of SRO operators to maintain the safety of the premises.

(6) To incorporate and to be consistent with the provisions of Police Code Section 919(a).

(b) However, nothing in the Uniform Visitor Policy or any Supplemental Visitor Policy shall encourage or allow any hotel to exceed its approved maximum occupancy under state or local fire safety laws.

(Added by Ord. 135-01, File No. 010526, App. 7/6/2001; amended by Ord. 62-02, File No. 020343, App. 5/3/2002)

### SEC. 41D.5. HOTEL OPERATOR PETITIONS FOR SUPPLEMENTAL VISITOR POLICIES.

(a) The operator of a Residential Hotel wishing to add a Supplemental Visitor Policy to the Uniform Visitor Policy may petition the San Francisco Residential Rent Stabilization and Arbitration Board for approval of a proposed Supplemental Policy. A Supplemental Visitor Policy must be consistent with the Uniform Visitor Policy, the goals required by Section 41D.4, and other requirements of this Chapter.

(b) The Rent Board shall conduct a public hearing on the proposed Supplemental Visitor Policy, and either approve the proposed policy and notify the operator in writing, or disapprove and return the proposed policy to the operator with a written explanation of the reasons why the proposed policy does not meet the requirements for approval.

(c) Once approved, a Supplemental Visitor Policy may be subject to periodic review by the Rent Board. The Rent Board may require revisions to an approved Supplemental Visitor Policy where necessary in order to bring the policy into conformity with Uniform Visitor Policy amendments or other applicable law or regulations, or to insure ongoing compliance with the goals required by Section 41D.4. The Rent Board may also withdraw approval of an approved Supplement Visitor Policy upon finding that the policy no longer meets the requirements for approval.

(d) A public hearing or meeting noticed under this Section 41D.5, shall be noticed for a minimum of ten (10) days. Notice shall be provided to operators, occupants, law enforcement, health and human service agencies, and interested organizations, according to Rent Board rules and regulations promulgated for this purpose.

(e) The Uniform Visitor Policy and Supplemental Visitor Policy shall be posted on a minimum 8 1/2 inch by 11-inch sign in the lobby of each Residential Hotel in an area accessible to guests and occupants.

(Added by Ord. 135-01, File No. 010526, App. 7/6/2001; amended by Ord. 62-02, File No. 020343, App. 5/3/2002)

### SEC. 41D.6. REVIEW AND AMENDMENT OF THE UNIFORM VISITOR POLICY, AND AMENDMENT OF CRITERIA AND PROCEDURES FOR APPROVING SUPPLEMENTAL VISITOR POLICIES.

(a) The Rent Board shall conduct an annual public hearing to review the Uniform Visitor Policy and adopt amendments as determined to be appropriate under the goals and requirements of this Chapter. The Rent Board may also consider and adopt amendments to the Uniform Visitor Policy at other publicly noticed meetings, as needed to effectuate the goals and requirements of this Chapter. Amendments may be proposed by the Rent

Board and its Executive Director, and as permitted under Section 41D.6(c).

(b) The Rent Board may conduct a public hearing to review the criteria and procedures for approving Supplemental Visitor Policies and adopt amendments, as determined to be appropriate under the goals and requirements of this Chapter. Amendments may be proposed by the Rent Board and its staff, and as permitted under Section 41D.6(c).

(c) Interested parties, including, but not limited to, operators, guests and occupants, visitors, law enforcement, health and human service agencies and interested organizations may request that the Rent Board amend the Uniform Visitor Policy or amend the criteria and procedures for approval of Supplemental Visitor Policies. Placement of such requests on a Rent Board agenda or notice of hearing shall be at the discretion of the Rent Board and its Executive Director.

(d) A public hearing or meeting noticed under this Section 41D.6 shall be noticed for a minimum of ten (10) days. Notice shall be provided to operators, occupants, law enforcement, health and human service agencies, and interested organizations, according to Rent Board rules and regulations promulgated for this purpose.

(Added by Ord. 135-01, File No. 010526, App. 7/6/2001; amended by Ord. 62-02, File No. 020343, App. 5/3/2002)

### SEC. 41D.7. HOTEL OCCUPANT PETITIONS FOR VIOLATION OF THIS CHAPTER.

(a) A current or former residential hotel occupant who believes that the hotel has not acted in compliance with the Uniform Visitor Policy or any approved Supplemental Policy, or who believes that the hotel has not otherwise acted in compliance with the provisions of this Chapter 41D, may petition the Rent Board for a reduction in rent.

(b) Upon a finding of violation following a hearing, the Rent Board may order a reduction of rent for the aggrieved occupant.

(c) The Rent Board may promulgate Rules and Regulations for the mediation and arbitration of such occupant petitions, including provision for mediation and/or hearing and decision by Administrative Law Judge, with a right of appeal to the Rent Board.

(Added by Ord. 135-01, File No. 010526, App. 7/6/2001; amended by Ord. 62-02, File No. 020343, App. 5/3/2002)

### SEC. 41D.8. LIMITATION OF LIABILITY.

By adopting this Residential Hotel Visitor Policy Ordinance, the City and County of San Francisco is assuming an undertaking only to promote the general welfare. It is not assuming, nor is it imposing on its officers and employees, an obligation for breach of which it is liable in money damages to any person who claims that such breach proximately caused injury.

(Added by Ord. 135-01, File No. 010526, App. 7/6/2001)

### SEC. 41D.9. SEVERABILITY.

If any provision, subdivision, section, paragraph, phrase or clause of this Chapter or the application thereof is for any reason held to be invalid or unconstitutional by a court of competent jurisdiction, such decision shall not affect the validity of the remainder of this Chapter. The remainder of this Chapter shall remain effective and enforceable to the fullest extent allowed by law. All clauses and provisions of this Chapter are hereby declared to be severable.

(Added by Ord. 135-01, File No. 010526, App. 7/6/2001)

**EXHIBIT B**



**City and County of San Francisco**     **Residential Rent Stabilization and Arbitration Board**

# UNIFORM HOTEL VISITOR POLICY

As amended July 11, 2006

1. No owner or operator of a single room occupancy hotel (SRO) shall deny a guest or occupant of the hotel the right as to:

    A. Day Time Visitors
        1. To receive visitors between 9:00 a.m. and 9:00 p.m. daily. A maximum of two (2) day time visitors at a time per room may be imposed by management. There is no limit on the total number of visitors a tenant may have per day, week or month.
        2. Children 13 years old and under shall not be counted towards the visitor limitation rule. However, a maximum of two (2) children per room at a time can be imposed by management.
    B. Overnight Guests
        1. To have eight (8) overnight guests per month, limited to one visitor per tenant per night. Only tenants who have resided in their unit for thirty-two (32) continuous days or more shall be entitled to have overnight guests. Court-ordered custodial rights, which end at age seventeen (17), shall be honored for purposes of consecutive overnight stays but any such visits shall be counted toward the limitation on the number of overnight visitors.
        2. For tenancies of two (2) persons per room, each tenant is permitted to have eight (8) overnight visitors per calendar month, but those tenants will have to reach agreement as to who will have the one (1) visitor per night if there is a dispute.
        3. Tenants are entitled to have a visitor stay eight (8) days consecutively in a calendar month. Any visitor staying consecutive nights, as agreed upon, shall not be required to check in and out during the course of a consecutive stay. Otherwise, the visitor must check out by 11:00 a.m. or make arrangements with the desk to become a day time visitor.
        4. Requests for overnight guests shall be made no later than 9:00 p.m. on the same day.
    C. Caregivers of disabled tenants shall be exempt from visitor limitations. The owner or operator of the hotel may request medical verification or a caregiver I.D. card.

2. Owners and operators of SROs shall have the right to adopt reasonable rules and regulations to ensure that the visitor rights set forth above do not infringe on the health and safety of the building and/or otherwise interfere with the tenants' right of quiet enjoyment.

Uniform Hotel Visitor Policy (as amended 7/11/06)
Page 2 of 3

- A. Owners or operators are entitled to request that visitors provide identification as follows:
    1. Only ONE of the following types of I.D. need be provided: a valid and current passport, a California Department of Motor Vehicles (DMV) issued I.D., a Mexican Consular Registration Card or Resident Alien Card, merchant seaman I.D., a Day Labor Program I.D., Veteran's Administration I.D. or any valid California or out-of-state current government agency issued picture I.D.
    2. Owners/managers cannot require that an I.D. be left with management during the visitor's stay. If an I.D. is not left with management, tenants must escort their visitors out of the building and make sure that they sign out. If a tenant's visitor does not sign out upon leaving, the tenant may lose their visitor privileges for thirty days, which must be put in writing within seven days.
    3. A log must be maintained by management and the visitor must sign in and sign out. The log shall indicate when an I.D. is surrendered and when it is returned.
    4. If an I.D. is lost or misplaced and not returned within 12 hours of the visitor's request to have it returned, the owner/manager shall pay the visitor $75.00 in cash immediately upon demand by the visitor as compensation for the loss and inconvenience of replacing the lost I.D.
- B. Owners and operators shall have the specific right to restrict visitors on two (2) of the three (3) actual check days of each month. Providers are required to post those blackout dates at least five (5) days prior to the first blackout date on a minimum size of 8-1/2" x 11", to be posted prominently by the entrance or in the lobby. Blackout dates shall not apply to children thirteen (13) years of age and under, custodial children or consecutive visitors.
- C. Owners and operators may deny visitor rights for 30 days to tenants who are repeat violators of hotel visiting rules. No penalty may be imposed until the second violation, and violations shall expire after 18 months. All notices of violation of the policy, including the first notice, must be in writing with a copy provided to the tenant. These limitations on the right to revoke visitor rights do not apply in the case of failing to ensure that a guest signs out upon leaving the building, as specified in Section 2A(2) above.
- D. Tenants who disagree with the imposition of a penalty may either:
    1. appeal to the operator or tenant representative (if one is present); or, in the alternative,
    2. the tenant may go directly to the Rent Board for adjudication of their complaint.
- E. Owners and operators shall also have the right to limit the number of nights any single visitor can make to the property to eight (8) per calendar month.

Uniform Hotel Visitor Policy (as amended 7/11/06)
Page 3 of 3

  F. Tenants shall not be required to escort their visitors to the bathroom or other common areas of the building, except as specified in Section 2A(2) above. However, the tenant is responsible for the conduct of their unaccompanied visitor.

3. Nothing in this section shall interfere with the rights of owners and operators of SROs to exclude specific visitors who willfully or wantonly:
  A. disturb the peaceful enjoyment of the premises by other tenants and neighbors;
  B. destroy, deface, damage, impair, or remove any part of the structure or dwelling unit, or the facilities or equipment used in common; or,
  C. have committed repeated violations of the visitor policy which can be construed as creating a nuisance on the property; or constituting substantial interference with the comfort, safety or enjoyment of the landlord or tenants, which can be a just cause for eviction under the Rent Ordinance, as determined by the courts.
  D. Any time a tenant's visitor is excluded from the hotel, written notice must be delivered to the tenant after the fact with the visitor's name and the reason for the exclusion.

4. SRO owners or operators shall make available to their tenants a copy of any written Supplemental Visitor Policy that complies with this policy. SRO owners or operators are required to prominently post the Uniform Visitor Policy and any Supplemental Visitor Policy on a minimum size of 11" x 17" by the entrance or in the lobby.

5. Other than as a settlement of an unlawful detainer action, a tenant cannot waive the rights as outlined in this legislation. Any agreement between the SRO owner or operator and the tenant that reduces or limits the rights set forth in this legislation shall be deemed void and unenforceable.

6. Tenants are accorded certain and specific rights as a result of this legislation. If the SRO owner or operator violates this provision, a tenant will have legal recourse and will be encouraged to visit the San Francisco Rent Stabilization Board or the Police, as appropriate.

7. SRO owners or operators seeking a modification of the rights set forth above may file a petition with the San Francisco Rent Stabilization Board and receive a hearing on said petition. Notice of the time and date of said hearing shall be prominently posted by the SRO owner or operator above the front desk of the hotel, in the lobby and at least five (5) copies shall be posted on each floor of the building.

8. The Rent Board shall translate the Uniform Visitor Policy into the predominant languages of the community and make them available as needed.

**EXHIBIT C**

**Preliminaries**

## CITY AND COUNTY OF
## SAN FRANCISCO
## MUNICIPAL CODE

---

## POLICE CODE

---

**GRAPHIC LINK: Click here**

Published by Municipal Code Corporation

Tallahassee, Florida   2006

## CITY AND COUNTY OF SAN FRANCISCO

## MUNICIPAL CODE

**Charter**

**Administrative Code**

**Building and Related Technical Codes**

**Business and Tax Regulations Code**

**Campaign and Governmental Conduct Code**

**Environment Code**

**Fire Code**

**Health Code**

**Municipal Elections Code**

**Park Code**

**Planning Code**

**Police Code**

**Port Code**

**Public Works Code**

**Subdivision Code**

**Traffic Code**

Zoning Maps

PREFACE TO THE

POLICE CODE

The San Francisco Municipal Code contains ordinances enacted through Ordinance 127-07, File Number 070082, Approved May 31, 2007. A legislative history, containing ordinance number and approval date, is located at the conclusion of most sections. The legislative history of ordinances approved after March 1999 also contain Board of Supervisors file numbers.

### SEC. 919.1. PROHIBITING RESIDENTIAL HOTEL OPERATORS FROM CHARGING VISITOR FEES; LIMITING RESIDENTIAL HOTEL RESTRICTIONS ON VISITORS; VIOLATION IS AN INFRACTION.

(a)  No operator, employee or agent of a Residential Hotel, as defined in San Francisco Administrative Code Section 41.4(p), may impose or collect a charge for any person to visit a guest or occupant of the hotel. No operator, employee or agent of Residential Hotel may implement or impose any policy restricting persons from visiting guests or occupants of Residential Hotel except in accordance with the provisions of the Uniform Residential Hotel Visitor Policy or any Supplemental Visitor Policy approved pursuant to Administrative Code Chapter 41D. The provisions of this Section shall be posted on an 8-1/2 inch by 11-inch sign in the lobby of each such Residential Hotel in an area visible to guests and occupants.

(b)  Penalty. In addition to any available civil penalties, any operator, employee or agent of a Residential Hotel who violates any of the provisions of this Section shall be guilty of an infraction, the penalty for which shall be a fine of not less than $50 nor more than $500, consistent with the California Government Code.

(Added by Ord. 135-01, File No. 010526, App. 7/6/2001; amended by Ord. 62-02, File No. 020343, App. 5/3/2002)

CAND-ECF    Case 4:08-cv-02352-SBA    Document 12-4    Filed 08/04/2008    Page 4 of 5    Page 1 of 2



**Other Supporting Documents**
4:06-cv-04842-SBA Elliott v. San Francisco Residential Rent Stabilization and Arbitration Board
ADRMOP, E-Filing, ENETERM, ProSe, REFSET-WDB, RELATE

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at for more information.

The following transaction was received from by Kaiser, Sherri entered on 11/29/2007 10:06 AM PST and filed on 11/29/2007
**Case Name:**       Elliott v. San Francisco Residential Rent Stabilization and Arbitration Board
**Case Number:**    4:06-cv-4842
**Filer:**          San Francisco Residential Rent Stablization and Arbitration Board
**Document Number:** 37

**Docket Text:**
Request for Judicial Notice re [36] Proposed Order, [35] MOTION to Dismiss *For Lack of Standing* filed bySan Francisco Residential Rent Stablization and Arbitration Board. (Attachments: # (1) Exhibit 1# (2) Exhibit 2# (3) Exhibit 3)(Related document(s)[36], [35]) (Kaiser, Sherri) (Filed on 11/29/2007)


**4:06-cv-4842 Notice has been electronically mailed to:**

Sherri Sokeland Kaiser     sherri.sokeland.kaiser@sfgov.org, diana.quan@sfgov.org, eric.lach@sfgov.org

**4:06-cv-4842 Notice has been delivered by other means to:**

Vance S. Elliott
The Baldwin House #227
74 Sixth Street
San Francisco, CA 94103

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** N:\GOVLIT\LI2006\070709\00451949.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=11/29/2007] [FileNumber=3947939-0]

https://ecf.cand.uscourts.gov/cgi-bin/Dispatch.pl?303956556361354                                11/29/2007

[ad7417e8555dabe80bcd814cefebb6ab██88e2b178cf5cb3193734046d005c027█
6521497d6a4371fea126533a064bd64ad971542ba66e7fb0123755f78906]]
**Document description:**Exhibit 1
**Original filename:**J:\rjnexh1.PDF
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=11/29/2007] [FileNumber=3947939-1]
[1d3f7eb74702d6d0ac8539ca7e2b984daa0e85ea90b4673b0b242b083de39b8294ac
7b7c84c91afb9efc4e689cc9b891ba226f4093bd7a143b56946a7ab4b4f6]]
**Document description:**Exhibit 2
**Original filename:**J:\rjnexh2.PDF
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=11/29/2007] [FileNumber=3947939-2]
[4330076075b7e29a942fb4b43d7605e95df072137017bec7674ce90600acba71cae2
7b8b785ee63e61c165c892d2596636064c550772abebbde4915973720dde]]
**Document description:**Exhibit 3
**Original filename:**J:\rjnexh3.PDF
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=11/29/2007] [FileNumber=3947939-3]
[1a47d07240c8d5b9ddf455f2736199aa710ad99293c57047818750b6c423f3786eef
4de9847ab8056efee73bb2484bfb5ef1e838b0d885ac829492463e97b62e]]