Motion to Dismiss with Leave to Amend

Vance S. Elliott
Plaintiff

The San Francisco
Rent Stabilization
and Arbitration Board
Defendants

**FILED**
AUG 1 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Case No CV08-2352 SBA



MOTION TO DISMISS WITH LEAVE TO AMEND

Your Honor,

The defendant, The San Francisco Rent and Arbitration Board, has asked me, plaintiff appearing pro se, to take notice that on September 16, 2008 at 1:00 pm, in Courtroom 3 at 1301 Clay Street, Oakland, California, before the Honorable Saundra B. Armstrong, defendent City and County of San Francisco shall move for dismissal (of my Motion for Summary Jugjement) under Federal Rules of Civic Proceedure 12(b)(1).

The defendant, The City and County of San Francisco, seeks dismissal on the ground that I, the plaintiff, lacks standing because defendent's Uniform Hotel Visitor policy did not cause my alleged injury and the Court is therefore unable to redress it.

Your Honor, the Policy in question was issued by the San Francisco Residential Rent Stabilization and Arbitration Board on the authority of San Francisco Administrative Code Section 41D.3(b).

This Ordinance requires that the Uniform Visitor Policy is to enhance the safety and welfare of guests and occupants of Residential Hotels, (Your Honor, please notice that the term 'occupant' is used here instead of the more descriptive term 'resident') the safty and welfare of residents and their guests of these Hotels; and that this Policy ensures the dignity and personal freedom of guests and occupants of residential Hotels and to incorporate and be consistant with the provisions of Police Code Section 919(a) This Section of the Police Code I presume refers to the requirement that the guests of SRO residents sign a log book and present approved California I.D.

prior to entering the premises of Residential Hotels.

In their Motion to Dismiss, Case No CV 08-2352 SBA, by citing the San Francisco Administrative Code, Section 41D,4(a)(1)-(6), the defendents argue that their Uniform Visitor Policy balances the above cited goals by requiring SRO owners (Please note that here the term 'Residential Hotels' has here been changed to SRO Hotels') and operators to allow at least eight overnight guests per tenant per month.

I refer your Honor to the text of The SF Administrative Code, Section 41D,4(a)(1)-(6). Nowhere in that text mention is there any requirement of a requirement that tenants of SRO Hotels be allowed eight overnight Visitors per month. Therefore this claim is made up by the defendents out of whole cloth.

But, The actual text of The Boards Uniform Visitor Policy does state that tenants of SRO Hoteld are allowed 8 guests per month. The pious statment of the degendants, that their Hotel SRO Policy enhances the safety and welfare of tenants and that their policies balances these goals by allowing 8 visitors per tenant, per month, does not describe this realty; that this part of the Uniform Visitor Policy denies the right of tenants of SRO Hotels the Constitutionally guarantees Equal Protection of the Laws.

3.

In the case of YICK WO v HOPKINS, the Supreme Court of the United States, Mr Justice Mathews delivered the opinion of the Court.

He Wrote: The ordinance in question divides the owners and and occupiers, (Chinese appellants), into two classes, not having respect to their personal character and qualifications, but merely an arbitray line, on one side of which are those who are permitted to pursue their industry (the laundry business) by the mere will and consent of the supervisors, and on the other those from whom that consent is withheld, at their mere will and pleasure. And both classes are alike only in this: that they are tenants at will, under the supervisors, of their means of living. The ordinance, therefore, also differs from the not unusual case, where discretion is lodged by law in public officers or bodies to grant or withhold licenses, when one of the condidtions is that the appelant shall be a fit person for the exercise of the privilege because, in such cases the fact of fittness is submitted to the judgement of the officer, and calls for the exercise of a discretion of a judicial nature.

118 U.S. 356, 6 Sup Ct 1064, 39 L Ed 220 (1866).

This opinion is germaine to my Motion to Dismiss with Leave to Amend, becauset it must be obvious to you, Your Honor, that the Uniform Visitor Policy, a creation of the Board of Supervisors, who, responding to the request of the Task Force to write a Mayor, passed a resolution,(866-99) creatibg an SRO Visitor Policy which, as we have seen, denies the Equal Protection of the Laws to residents of SFO hotels. These public officers of this City deemed residents of SRO hotels unfit to have the freedom to have visitors at times and hours of their own choosing.

Unfit! How are they unfit? We have here a case of 'respectable people'

exercising their personal judgement, i.e. that we, who live in SRO hotels, are not fit to have the same priviledges that they themselves enjoy!

Therfore I petition Your Honor to deny, with prejudice the NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION made by the defendents.

Vance S. Elliott
Counsel Pro se,