1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  WAYNE SNODGRASS, State Bar #148137
   SHERRI SOKELAND KAISER, State Bar #197986
3  Deputy City Attorneys
   City Hall, Room 234
4  1 Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
5  Telephone:     (415) 554-4691
   Facsimile:     (415) 554-4747
6  E-Mail:        sherri.sokeland.kaiser@sfgov.org

7  Attorneys for Defendant
   THE SAN FRANCISCO RENT AND ARBITRATION BOARD
8

9

10                          UNITED STATES DISTRICT COURT

11                         NORTHERN DISTRICT OF CALIFORNIA

12 | VANCE S. ELLIOTT,                    | Case No. CV 08-2352 SBA
13 |         Plaintiff,                   | **REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FED. R. CIV. P. 12(B)(1))**
14 |   vs.                                |
15 | THE SAN FRANCISCO RENT AND ARBITRATION BOARD, | Hearing Date:   September 16, 2008
16 |                                      | Time:           1:00 p.m.
   |         Defendant.                   | Place:          Courtroom 3
17

Reply In Support Of Motion To Dismiss         1            n:\govlit\li2008\090102\00506539.doc
CASE NO. CV 08-2352 SBA

**ARGUMENT**

In his Opposition, plaintiff Vance Elliott never takes on the only salient issue: the Uniform Hotel Visitor Policy does *not* restrict his rights to receive overnight visitors. Rather, it restricts his *landlord's* right to limit Mr. Elliott's overnight visitors to fewer than eight per month. *See* RFJN Ex. 2, Uniform Hotel Visitor Policy, as amended July 11, 2006, at ¶1.B.1. Accordingly, the Visitor Policy helps rather than hurts Mr. Elliott, and the Court cannot redress Mr. Elliott's inability to entertain more overnight guests by striking the Visitor Policy down. For these reasons, Mr. Elliott lacks standing and the Court lacks subject-matter jurisdiction. *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 180-181 (2000). The complaint must be dismissed. Fed. R. Civ. P. 12(b)(1).

Rather than address standing and jurisdiction, Mr. Elliott continues to insist that the Visitor Policy restricts his overnight guests and explains why he believes this to be a violation of equal protection. But Mr. Elliott may not leapfrog to the merits before establishing standing. *See Warth v. Seldin,* 422 U.S. 490, 498 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.") The Court cannot entertain the merits of the claim until it determines whether it has subject-matter jurisdiction. In this case, it does not.

Moreover, the Court should dismiss this case with prejudice. There is no possible amendment, no conceivable set of facts, under which Mr. Elliott could show that the Visitor Policy injures him, where it plainly and on its face limits the ability of his landlord to restrict his rights. Where amendment would be futile, the Court should dismiss with prejudice. *Gadda v. State Bar of California,* 511 F.3d 933, 939 (9th Cir. 2007) ("Because allowing amendment would be futile, we hold that the district court properly dismissed Gadda's claims with prejudice and without leave to amend.").

////

////

////

# CONCLUSION

For the foregoing reasons, this Court should dismiss the complaint with prejudice for lack of standing, a necessary component of its subject-matter jurisdiction.

Dated: September 2, 2008

                        DENNIS J. HERRERA  
                        City Attorney  
                        WAYNE SNODGRASS  
                        SHERRI SOKELAND KAISER  
                        Deputy City Attorneys

                By: _____/s/_____ .  
                        SHERRI SOKELAND KAISER

                        Attorneys for Defendant  
                        THE SAN FRANCISCO RENT AND ARBITRATION BOARD