**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| VANCE S. ELLIOTT, | No. C 08-02352 SBA |
| Plaintiff, | and Related Cases:<br>No. C 07-04446 SBA |
| v. | No. C 06-04842 SBA |
| SAN FRANCISCO RESIDENTIAL RENT STABILIZATION and ARBITRATION BOARD, | **ORDER**<br>[Docket Nos. 25 in 07-04446, 11 in 8-02352, 15 in 08-2352] |
| Defendant. | |

**INTRODUCTION**

Before the Court is defendant's Motion to Dismiss for Lack of Jurisdiction [Docket No. 11], plaintiff's Motion to Dismiss with Leave to Amend [Docket No. 15], plaintiff's Motion for Summary Judgment [Docket No. 25 in C 07-04446 SBA], and plaintiff's Amendment to Motion to Dismiss with Leave to Amend [Docket No. 56 in C 06-04842 SBA]. For the following reasons, the Court GRANTS defendant's motion with leave to amend, and DENIES plaintiff's two motions.

**BACKGROUND**

**I.     Related Cases 06-04842, 07-04446, and 07-801666**

On August 4, 2006, pro se plaintiff Vance E. Elliott filed suit against defendant San Francisco Residential Rent Stabilization and Arbitration Board (the "Board"). *See* Docket No. 1 in case C 06-04842 SBA ("4842"). He claimed the Board's Uniform Visitor Policy violated the Fourteenth Amendment by circumscribing visitors to single resident only (SRO) residences to between the hours of 9:00 a.m. and 9:00 p.m. Docket No. 6 in 4842 at 2. The Board answered on December 5, 2006. *See* Docket No. 10 in 4842. Elliott filed three more amended complaints. *See* Docket entries for 1/17/2007, 1/18/2007, 2/27/2007, all in 4842. On April 4, 2007, the Court ordered the parties to hold a settlement conference between January 9 and 18, 2008. *See* Docket No. 20 in 4842.

///

On June 26, 2007, Elliott filed another complaint against the Board, in case MC-07-80166 ("80166"), which was assigned to Judge Vaughn R. Walker. *See* Docket No. 1 in 80166. Elliott raised the same allegations in this complaint which he had raised in case 4842. *See id.* On August 28, 2007, case 80166 was redesignated as case C-07-04446 MJJ ("4446") and assigned to Judge Martin J. Jenkins. *See* Docket No. 1 in 4446, Docket entry for 8/28/2007 in 80166. On October 3, 2007, on the Board's motion [Docket No. 25 in 4842], the Court related case 4842 to case 4446. *See* Docket No. 28 in 4842, Docket No. 8 in 4446. On November 29, 2007, the Board filed a motion to dismiss for lack of standing, *see* Docket No. 35 in 4842, and a motion to consolidate, *see* Docket No. 39 in 4842. On December 5, 2007, the Court set hearings for these motions for February 26, 2008. *See* Docket No. 41 in 4842. On December 10, 2007, Elliott filed an amended complaint in case 4446. *See* Docket entry for 12/10/2007 in 4446.

On January 18, 2008, Magistrate Judge Brazil, who was in charge of settlement proceedings, set an Order to Show Cause ("OSC") hearing for February 15, 2008, regarding sanctions for Elliott's failure to appear at a settlement conference. *See* Docket No. 42 in 4842. Elliott failed to appear at the hearing, and on February 20, 2008, Magistrate Judge Brazil issued a report and recommended the Court dismiss Elliott's cases for failure to prosecute. *See* Docket No. 46 in 4842.

As of February 26, 2008, Elliott had not filed any opposition to the Board's motion to dismiss. *See* Docket No. 47 in 4842. The Court thus vacated the hearing on the motion, and set an OSC hearing regarding dismissal for failure to prosecute for March 13, 2008. *See id.* Both parties appeared at the March 13, 2008 hearing. *See* Docket No. 49 in 4842. The Court consolidated cases 4842 and 4446. *See id.* Elliott said he failed to appear at his settlement conference because he wanted a jury trial, and believed participating in the former would prevent the latter. *See* Docket No. 50 in 4842. He also requested a chance to oppose the Board's motion to dismiss. *See id.* The Court set a briefing schedule, with his opposition due on March 26, 2008. *See id.* Elliott did not file an opposition, and on April 1, 2008, the Court dismissed case 4842 without prejudice, for failure to prosecute. *See id.* On June 4, 2008, the Court denied Elliott's motion to reconsider under Federal Rule of Civil Procedure 59. *See* Docket No. 52 in 4842.

///

**II.     This Case, 08-02352**

On May 7, 2008, Elliott filed a complaint against the Board in this matter, alleging the "Uniform Visitor Policy enforced upon the tenants of so-called SRO hotels in the SOMA and Tenderlion [sic] districts of this City and County of San Francisco is in violation of the 14th Amendment . . . ." Docket No. 1 (Compl.) at 2 ¶ 2. This same day, he also filed an application to proceed *in forma pauperis*. *See* Docket No. 2. This matter was assigned to Magistrate Judge Chen, who on June 16, 2008 granted Elliott *in forma pauperis* status. *See* Docket No. 5. On June 18, 2008, this Court related this matter to cases 4842 and 4446. *See* Docket No. 7.

On July 30, 2008, Elliott filed a Motion for Summary Judgment, captioned *only* for case 4446. *See* Docket No. 25 in 4446. On August 4, 2008, defendant filed its Motion to Dismiss for Lack of Jurisdiction (the "Motion") [Docket No. 11], which is before the Court in this matter. On August 18, 2006, Elliott filed a Motion to Dismiss with Leave to Amend [Docket No. 15]. Then, on August 22, 2008, he filed an Amendment to Motion to Dismiss with Leave to Amend *only* in case 4842. *See* Docket No. 56 in 4842.

**LEGAL STANDARD**

**I.     Federal Rule of Civil Procedure 12(b)(1)**

A party may assert a lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). As the Supreme Court has stated:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In resolving a "facial" attack, a court limits its inquiry to the complainant's allegations,

1  which are taken as true, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004),
2  though the Circuits are split as to whether reasonable inferences are drawn in the complainant's
3  favor, *see Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 361 (drawn) (1st Cir. 2001); *Shipping Fin'l
4  Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (not drawn).  And, leave to amend will be
5  granted to correct formal defects.  *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d
6  463, 466 (9th Cir. 1995).
7         In contrast, "[i]n resolving a factual attack on jurisdiction, the district court may review
8  evidence beyond the complaint without converting the motion to dismiss into a motion for summary
9  judgment."  *Safe Air*, 373 F.3d at 1039.

10        Once the moving party has converted the motion to dismiss into a factual motion by
11        presenting affidavits or other evidence properly brought before the court, the party
12        opposing the motion must furnish affidavits or other evidence necessary to satisfy its
13        burden of establishing subject matter jurisdiction.

14 *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)).
15        The court then proceeds to weigh the evidence, and resolve any factual disputes on its own.
16 *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  If, in its discretion, a court finds it
17 necessary, it may hold evidentiary hearings.  *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir.
18 1987).  If it does, then the "court need not presume the truthfulness of the plaintiff's allegations."
19 *Safe Air*, 373 F.3d at 1039.  If it does not hold hearings, however, but instead rules solely on the
20 complaint, declarations, *et seq.*, then it must take the complaint's allegations as true.  *Rhoades v.
21 Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007); *McLachlan v. Bell*, 261 F.3d 908 (9th Cir
22 2001).
23        The procedure is different, however, "when 'the jurisdictional issue and substantive issues
24 are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues
25 going to the merits' of an action."  *Safe Air*, 373 F.3d at 1039 (quoting *Sun Valley Gas., Inc. v. Ernst
26 Enters.*, 711 F.2d 138, 139 (9th Cir. 1983) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077
27 (9th Cir. 1983))).  "The question of jurisdiction and the merits of an action are intertwined where "a
28 statute provides the basis for both the subject matter jurisdiction of the federal court and the

plaintiff's substantive claim for relief." *Id.* In such cases, a court may not hold hearings to resolve genuinely disputed facts, but instead must employ the standard applicable to a motion for summary judgment. *Rosales*, 824 F.2d at 803. Thus, a court may only grant such a motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* Otherwise, the court must defer the issue for resolution at trial. *Id.* An exception to this rule exists, however, where the intertwined allegations are immaterial, insubstantial, or frivolous. *Safe Air*, 373 F.3d at 1039-40. In such cases, a court may determine jurisdiction, despite a genuine dispute over jurisdictional facts intertwined with the merits of a given matter. *Id.*

## II.     Standing under the United States Constitution

As the Supreme Court has held, the federal courts only have subject matter jurisdiction over cases and controversies as defined in Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement." *Id.* Standing consists of three elements: (1) An injury in fact, i.e., the invasion of a legally protected interest which is (a) concrete and particularized (affecting the plaintiff in a personal and individual way) and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of, which must be fairly traceable to the defendant's challenged action, and not due to the independent action of a third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 560-61.

"The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.* "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (*quoting Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990) (*citing Conley v. Gibson*, 355 U.S. 41

1  ///

2  at 45-46 (1957) (discussing legal standard for Rule 12(b)(6)), *abrogated by Bell Atl. Corp. v.*

3  *Twombly*, 127 S.Ct. 1955 (2007))), *quoted in Bennett v. Spear*, 520 U.S. 154, 169 (1997).

## ANALYSIS

### I.  Elliott's Motion for Summary Judgment

Before turning to defendant's Motion, the Court addresses Elliott's earlier filed Motion for Summary Judgment. Elliott filed this in case 4446 and captioned it *only* for case 4446. *See* Docket No. 25 in 4446. The motion is handwritten and consists of a four-page application to proceed *in forma pauperis*, and seven pages of largely illegible text. *See id.* Because case 4446 is closed, the Court DENIES the Motion without prejudice. If the motion were legible, the Court might have been able to consider disposing of it as if it had been filed in this matter, but as it is illegible, the Court is unable to even consider it.

### II. Defendant's Motion to Dismiss

In the Motion, Defendant argues this Court should dismiss under Rule 12(b)(1) because Elliott "lacks standing because the City's Visitor Policy did not cause any alleged deprivation of his right to overnight visitors, nor can this Court redress such an alleged injury by invalidating the Visitor Policy." Mot. at 5:5-7. Defendant, however, fails to state in its Motion where Elliott claimed he suffered a "deprivation of his right to overnight visitors" in his Complaint. Defendant has based its argument on Elliott's filings in cases 4446 and 4842, but has not based its arguments on any claims asserted in the Complaint filed in this matter. Elliott has not stated any claim for relief in this matter. In his Complaint, he merely states the "Uniform Visitor Policy enforced upon the tenants of so-called SRO hotels in the SOMA and Tenderlion [sic] districts of this City and County of San Francisco is in violation of the 14th Amendment . . . ." Compl. at 2 ¶ 2. He does not explain, however, how this policy violates the XIVth Amendment. He has, however, failed to provide sufficient information so the Court may verify he has standing to bring this suit. Because the "party invoking federal jurisdiction bears the burden of establishing" standing, and because this is not a mere pleading requirement but rather an *indispensable* part of Elliott's case, the Court GRANTS defendants' Motion. *Lujan*, 504 U.S. at 561. Nonetheless, because Elliott may be able to

///

cure this deficiency, by actually stating a claim for relief, the Court GRANTS him leave to amend. *Telluride*, 55 F.3d at 466.

### III.   Elliott's Motion to Dismiss with Leave to Amend

Having addressed defendant's Motion, the Court turns to Elliott's Motion to Dismiss with Leave to Amend [Docket No. 15].  This is not a motion.  This is Elliott's opposition to defendant's Motion.  Because he titled it as a motion, however, the Clerk of the Court had to docket it as such. Thus, in order to "dispose" of it on the docket, the Court must DENY it as moot.

### IV.   Elliott's Amendment to Motion to Dismiss with Leave to Amend

Elliott filed an Amendment to Motion to Dismiss with Leave to Amend [Docket No. 56 in case 4842].  This was apparently an amendment to his opposition, which he timely filed. Nonetheless, Elliott filed his amendment only in case 4842.  Because Elliott continues to file pleadings in his closed cases, **the Court ORDERS Elliott not to file any pleadings in cases 06-04842, 07-04446, or 07-80166, without first filing a motion with the Court for permission to do so.**  The Court advises Elliott that any pleadings filed in these closed cases will not be considered in this open case, and a failure to obey the Court's order may result in the imposition of sanctions up to and including dismissal of this open case, under Federal Rule of Civil Procedure 41.

### V.   Elliott's Conduct with Opposing Counsel

In an attempt to meet and confer, in case 4842, defendant's counsel offered to meet with Elliott in counsel's office.  In response, Elliott sent a letter to counsel analogizing her office to a brothel, and her to a prostitute who uses her surroundings "to better control her tricks during the sex act."  Docket No. 14, Ex. "A."  The Court reminds Elliott that he is expected to comport himself appropriately and consistently with the Federal Rules of Civil Procedure and the Rules of this Court. As Civil Local Rule 3-9(a) states:

> Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court.  A person representing him or herself without an attorney is *bound by the Federal Rules, as well as by all applicable local rules.  Sanctions*

7

1  ///

2  *(including default or dismissal) may be imposed for failure to comply with local*

3  *rules.*

4  N.D. Cal. Civ. L.R. 3-9(a) (emphasis added).

5  Further, Civil Local Rule 11-4(a)(4) requires all persons before the Court to "Practice with the

6  honesty, care, and *decorum* required for the fair and efficient administration of justice[.]" *Id.*

7  11-4(a)(4) (emphasis added).  **Elliott is admonished not to refer to opposing counsel in**

8  **inappropriate terms, or he will risk dismissal of this matter.**

9  **CONCLUSION**

10  Accordingly, the Court:

11  (1) GRANTS defendant's Motion to Dismiss for Lack of Jurisdiction [Docket No. 11]

12  with leave to amend.  Plaintiff has 10 days from the date of service of this Order on him to file a

13  First Amended Complaint ("FAC").  Defendant has 20 days from the date plaintiff files his FAC to

14  file an answer or other pleading.

15  (2) VACATES the hearing on defendant's motion set for September 16, 2008 at

16  1:00 p.m.

17  (3) CONTINUES the Case Management Conference scheduled for October 1, 2008

18  at 2:15 p.m, *see* Docket No. 9, to November 5, 2008 at 3:15 p.m.  The parties shall **meet and confer**

19  prior to the conference and shall prepare a joint Case Management Conference Statement which

20  shall be filed no later than ten (10) days prior to the Case Management Conference that complies

21  with the Standing Order for all Judges of the Northern District of California and the Standing Order

22  of this Court.  **Defendant** shall be responsible for filing the statement as well as for arranging the

23  conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated

24  date and time.

25  (4) DENIES as moot plaintiff's Motion to Dismiss with Leave to Amend [Docket

26  No. 15].

27  (5) DENIES as moot plaintiff's Motion for Summary Judgment [Docket No. 25 in C 07-

28  04446 SBA].

///

(6)  ORDERS Elliott not to file any pleadings in cases C 06-04842, C 07-04446, or MC 07-80166, without first filing a motion with the Court for permission to do so. The Court warns Elliott if he violates this order this case, 08-02352, may be dismissed.

(7)  ORDERS Elliott not to refer to opposing counsel in inappropriate terms. The Court warns Elliott if he violates this order this case may be dismissed.

IT IS SO ORDERED.

September 3, 2008

_____
Saundra Brown Armstrong
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ELLIOTT et al,

        Plaintiff,

v.

SAN FRANCISCO RENT STABILIZATION
AND ARBITRATION B et al,

        Defendant.
                              /

Case Number: CV08-02352 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vance S. Elliott
74 Sixth Street, #226
San Francisco, CA 94103-1608

Dated: September 3, 2008

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk