**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

VANCE S. ELLIOTT,

    Plaintiff,

v.

SAN FRANCISCO RESIDENTIAL RENT STABILIZATION and ARBITRATION BOARD,

    Defendant.

No. C 08-02352 SBA

and Related Cases:
    No. C 07-04446 SBA
    No. C 06-04842 SBA

**ORDER**

[Docket No. 26]

# INTRODUCTION

Before the Court is defendant's Renewed Motion to Dismiss for Lack of Standing [Docket No. 26]. For the following reasons, plaintiff Vance S. Elliott has until seven days from the date of the entry of this Order to file an opposition to defendant's Renewed Motion to Dismiss for Lack of Standing [Docket No. 26] or the Court will ***dismiss this matter with prejudice***.

# BACKGROUND

**I.     Related Cases 06-04842, 07-04446, and 07-801666**

On August 4, 2006, pro se plaintiff Vance E. Elliott filed suit against defendant San Francisco Residential Rent Stabilization and Arbitration Board (the "Board"). *See* Docket No. 1 in case C 06-04842 SBA ("4842"). He claimed the Board's Uniform Visitor Policy violated the Fourteenth Amendment by circumscribing visitors to single resident only (SRO) residences to between the hours of 9:00 a.m. and 9:00 p.m. Docket No. 6 in 4842 at 2. The Board answered on December 5, 2006. *See* Docket No. 10 in 4842. Elliott filed three more amended complaints. *See* Docket entries for 1/17/2007, 1/18/2007, 2/27/2007, all in 4842. On April 4, 2007, the Court ordered the parties to hold a settlement conference between January 9 and 18, 2008. *See* Docket No. 20 in 4842. On April 6, 2007, the Court referred this matter to Magistrate Judge Brazil for settlement purposes. *See* Docket entry for 4/6/07 in 4842.

On June 26, 2007, Elliott filed another complaint against the Board, in case MC-07-80166

1  ("80166"), which was assigned to Judge Vaughn R. Walker. *See* Docket No. 1 in 80166. Elliott
2  raised the same allegations in this complaint which he had raised in case 4842. *See id.* On
3  August 28, 2007, case 80166 was redesignated as case C-07-04446 MJJ ("4446") and assigned to
4  Judge Martin J. Jenkins. *See* Docket No. 1 in 4446, Docket entry for 8/28/2007 in 80166. On
5  October 3, 2007, on the Board's motion [Docket No. 25 in 4842], the Court related case 4842 to case
6  4446. *See* Docket No. 28 in 4842, Docket No. 8 in 4446. On November 29, 2007, the Board filed a
7  motion to dismiss for lack of standing, *see* Docket No. 35 in 4842, and a motion to consolidate, *see*
8  Docket No. 39 in 4842. On December 5, 2007, the Court set hearings for these motions for
9  February 26, 2008. *See* Docket No. 41 in 4842. On December 10, 2007, Elliott filed an amended
10 complaint in case 4446. *See* Docket entry for 12/10/2007 in 4446.

11       On January 18, 2008, Magistrate Judge Brazil set an OSC hearing for February 15, 2008,
12 regarding sanctions for Elliott's failure to appear at a settlement conference. *See* Docket No. 42 in
13 4842. Elliott failed to appear at the OSC hearing, and on February 20, 2008, Magistrate Judge
14 Brazil issued a report and recommended the Court dismiss Elliott's cases for failure to prosecute.
15 *See* Docket No. 46 in 4842.

16       As of February 26, 2008, Elliott had not filed any opposition to the Board's motion to
17 dismiss. *See* Docket No. 47 in 4842. The Court thus vacated the hearing on the motion, and set an
18 OSC hearing regarding dismissal for failure to prosecute for March 13, 2008. *See id.* Both parties
19 appeared at the March 13, 2008 hearing. *See* Docket No. 49 in 4842. The Court consolidated cases
20 4842 and 4446. *See id.* Elliott said he failed to appear at his settlement conference because he
21 wanted a jury trial, and believed participating in the former would prevent the latter. *See* Docket
22 No. 50 in 4842. He also requested a chance to oppose the Board's motion to dismiss. *See id.* The
23 Court set a briefing schedule, with his opposition due on March 26, 2008. *See id.* Elliott did not file
24 an opposition, and on April 1, 2008, the Court dismissed case 4842 without prejudice, for failure to
25 prosecute. *See id.* On June 4, 2008, the Court denied Elliott's motion to reconsider under Federal
26 Rule of Civil Procedure 59. *See* Docket No. 52 in 4842.

27 **II.     This Case, 08-02352 SBA**

28       On May 7, 2008, Elliott filed a complaint against the Board in this matter, alleging the

2

"Uniform Visitor Policy enforced upon the tenants of so-called SRO hotels in the SOMA and Tenderlion [sic] districts of this City and County of San Francisco is in violation of the 14th Amendment . . . ." Docket No. 1 (Compl.) at 2 ¶ 2. This same day, he also filed an application to proceed *in forma pauperis*. *See* Docket No. 2. This matter was assigned to Magistrate Judge Chen, who on June 16, 2008 granted Elliott *in forma pauperis* status. *See* Docket No. 5. On June 18, 2008, this Court related this matter to cases 4842 and 4446. *See* Docket No. 7.

On July 30, 2008, Elliott filed a Motion for Summary Judgment, captioned *only* for case 4446. *See* Docket No. 25 in 4446. On August 4, 2008, defendant filed a Motion to Dismiss for Lack of Jurisdiction [Docket No. 11]. On August 18, 2006, Elliott filed a Motion to Dismiss with Leave to Amend [Docket No. 15]. Then, on August 22, 2008, he filed an Amendment to Motion to Dismiss with Leave to Amend *only* in case 4842. *See* Docket No. 56 in 4842.

On September 3, 2009 the Court disposed of these pleadings. The Court denied Elliott's Motion for Summary Judgement, because it consisted of a four-page application to proceed *in forma pauperis* and seven pages of largely illegible text, and because case 4446 was closed. *See* Docket No. 17 at 6. The Court granted defendant's Motion to Dismiss for Lack of Jurisdiction, filed on the grounds that Elliott had failed to plead standing to sue. *See id.* The Court held that Elliott had failed to plead *any* claim for relief in his complaint, thus failing to meet his burden to demonstrate standing. *See id.* Nonetheless, because this defect was curable, the Court gave him 20 days leave to amend. *See id.* at 6-7. The Court then denied as moot Elliott's Motion to Dismiss with Leave to Amend, as it was actually his opposition to defendant's motion. *See id.* at 7. As for Elliot's Amendment to Motion to Dismiss with Leave to Amend, the Court admonished Elliot not to file pleadings in his closed cases. *See id.* Finally, Elliott had declined to meet at defendant's counsel's office, stating in a letter that she would use it the way a prostitute allegedly uses her brothel's surroundings to control her customers. *See id.* The Court ordered Elliott to prosecute his matter with a decorum appropriate for litigation in the federal courts, or risk sanctions or dismissal. *See id.* at 7-8.

On October 28, 2008, Elliott filed a First Amended Complaint. See Docket No. 19. On November 18, 2008, defendant filed the Renewed Motion to Dismiss for Lack of Standing [Docket

1  No. 26] before this Court. The motion was set for hearing on February 24, 2009. Under Civil Local
2  Rule 7-3(a), Elliott's opposition, if any was due on February 3, 2009. As of the date of this Order,
3  Elliott has not filed any opposition. The Court's Standing Order for Civil Cases warns that "[t]he
4  failure of the opposing party to file a memorandum of points and authorities in opposition to any
5  motion shall constitute a consent to the granting of the motion."

## CONCLUSION

Accordingly, it is ORDERED that the hearing on defendant's Renewed Motion to Dismiss for Lack of Standing [Docket No. 26], set for February 24, 2009, at 1:00 p.m., in Courtroom 3 of the United States Courthouse, 1301 Clay Street, Oakland, California 94612, is VACATED. Plaintiff Vance S. Elliott has until seven days from the date of the entry of this Order on the docket to file an opposition to defendant's Renewed Motion to Dismiss for Lack of Standing. Defendant shall file any reply within ten days from the date of the entry of this Order on the docket. **If Elliott fails to file an opposition as required by this Order, the Court will dismiss this matter with prejudice for failure to prosecute and for failing to oppose defendant's motion. Elliott is warned that if this matter is dismissed with prejudice, he will not be able to file any pleadings related to any allegations giving rise to this matter, neither in this matter nor in any other matter.**

IT IS SO ORDERED.

February 17, 2009

_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ELLIOTT et al,

        Plaintiff,

  v.

SAN FRANCISCO RENT STABILIZATION
AND ARBITRATION B et al,

        Defendant.

Case Number: CV08-02352 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 18, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vance S. Elliott
74 Sixth Street, #226
San Francisco, CA 94103-1608

Dated: February 18, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk