UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VANCE C. ELLIOT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THE SAN FRANCISCO RENT AND ARBITRATION BOARD,<br><br>　　　　Defendant. | Case No:  C 08-2352 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF STANDING**<br><br>[Docket 26] |

　　　　The parties are presently before the Court on Defendant's motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Having read and considered the papers submitted, and being fully informed, the Court resolves the matter without oral argument and hereby GRANTS the motion.

**I.　　BACKGROUND**

　　　　Plaintiff apparently is a resident of a Single Room Occupancy ("SRO") hotel located in San Francisco.  On October 28, 2008, Plaintiff filed a pro se amended complaint alleging that the City's Uniform Visitor Policy ("the Policy") violates his constitutional rights under the Fourteenth Amendment.  The essence of his complaint is that the Policy restricts his right to have visitors at times of his own choosing.

　　　　On November 18, 2008, Defendant San Francisco Residential Rent Stabilization and Arbitration Board filed a motion to dismiss for lack of standing, which it noticed for hearing on February 29, 2009.  No opposition was filed by the due date of February 3, 2009.  Though the Court could have granted the motion as unopposed, the Court afforded Plaintiff another opportunity to file a response. (Docket 40.)  On February 24, 2009, Plaintiff filed a one-page response to the motion.  Thereafter, Defendant filed a brief reply.

## II. LEGAL STANDARD

"When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect [can] be corrected by amendment." Tosco Corporation v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001) (citations and internal quotations omitted). In a facial attack on the pleadings, the court accepts as true the allegations of the complaint. See Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). The court may consider documents properly subject to judicial notice. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). The plaintiff bears the burden of establishing subject matter jurisdiction, and the court presumes lack of jurisdiction until the plaintiff proves otherwise. See Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

## III. DISCUSSION

Article III federal courts are limited to deciding "cases" and "controversies." U.S. Const. art. III, § 2. The case and controversy requirement consists of two components: standing and ripeness. Colwell v. Department of Health and Human Services, -- F.3d --, 2009 WL 692047 at *7 (9th Cir., March 18, 2009). Among other things, the standing requirement requires the plaintiff to demonstrate an actual, concrete "injury in fact" that is fairly traceable to the challenged action of the defendant, that can be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

In his amended complaint (Docket 19), Plaintiff complains that the Policy violates his rights under the fourteenth amendment because it allegedly deprives him of the opportunity to have visitors at his hotel room.[1] However, the Policy does not itself forbid SRO hotel residents from receiving visitors. Rather, the Policy restricts SRO hotel owners from imposing certain visitation

---

[1] Plaintiff's claim more appropriately is viewed through the lens of the First Amendment, since he seems to take issue with the interference with his right of association. However, the Court's analysis of standing is the same regardless of which constitutional provision is applicable.

1 restrictions on its residents.  (Docket 22, Def.'s Request for Judicial Notice, Ex. B.)  As such, the
2 "injury" - the alleged restriction on visitors - is not fairly traceable to the Policy.  Even if it were,
3 there is no allegation that Plaintiff has actually been affected by the Policy.

4 Nor would a favorable outcome of this case redress any injury to Plaintiff (assuming that he
5 had alleged such an injury).  "[A] plaintiff satisfies the redressability requirement when he shows
6 that a favorable decision will relieve a discrete injury to himself."  Larson v. Valente, 456 U.S.
7 228, 243 (1982).  Here, eliminating the policy would not guarantee Plaintiff his right to receive
8 visitors, which is what the he apparently desires.  See Serena v. Mock, 547 F.3d 1051, 1054 (9th
9 Cir. 2008) (no standing where plaintiff failed to show a "substantial likelihood that the requested
10 relief will redress or prevent the alleged injury"); Pritikin v. Dep't of Energy, 254 F.3d 791, 796
11 (9th Cir. 2001) (concluding that the redressability requirement of standing was not satisfied where
12 an order directing the defendant to act would not remedy the plaintiff's injury).  To the contrary,
13 the policy actually serves Plaintiff's interest in that it restricts hotel owners' ability to impose
14 arbitrary limits on visitors.

## IV.     CONCLUSION

The Court agrees with Defendant that Plaintiff lacks standing within the meaning of Article III.  Given the nature of the dispute, further amendment to the pleadings would be futile, and therefore, the dismissal is without leave to amend.  Accordingly,

IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss (Docket 26) is GRANTED.  The Clerk shall vacate all scheduled dates and deadlines and close the file.

Dated:  March 25, 2009

_____
Hon. Saundra Brown Armstrong
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ELLIOTT et al,

        Plaintiff,

  v.

SAN FRANCISCO RENT STABILIZATION
AND ARBITRATION B et al,

        Defendant.
                                      /

Case Number: CV08-02352 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 26, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vance S. Elliott
74 Sixth Street, #226
San Francisco, CA 94103-1608

Dated: March 26, 2009

                                              Richard W. Wieking, Clerk

                                                By: LISA R CLARK, Deputy Clerk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28